# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

JAMES ERIC MOORE,

            Movant,

vs.

UNITED STATES OF AMERICA.

No. C11-0026-LRR
No. CR04-0114-LRR

**ORDER**

      This matter appears before the court on James Eric Moore's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On March 7, 2011, James Eric Moore ("the movant") filed his 28 U.S.C. § 2255 motion. On August 29, 2011, the court, among other things, directed the parties to brief the claims that the movant included in his amended motion pursuant to 28 U.S.C. § 2255 (civil docket no. 6). On September 30, 2011, trial counsel filed an affidavit (civil docket no. 7), and, on October 10, 2011, resentencing counsel submitted an affidavit (civil docket no. 8). On October 28, 2011, the government filed a resistance (civil docket no. 10). On November 9, 2011, the movant filed a reply (civil docket no. 12). On February 6, 2012, the movant filed a motion to present additional evidence (civil docket no. 14), and, on April 24, 2012, the movant filed a motion to amend or supplement (civil docket no. 16). The court now turns to consider the movant's motion to present additional evidence, motion to amend or supplement and amended motion pursuant to 28 U.S.C. § 2255.

      Concerning the movant's motion to present additional evidence and motion to amend or supplement, the points that the movant raises in these motions are untimely. Despite the fact that the movant filed his motion to present additional evidence and motion to amend or supplement after all of his claims were briefed, the court finds that it is appropriate to consider the movant's additional arguments because they sufficiently relate

back to his original claims. Accordingly, the movant's motion to present additional evidence (civil docket no. 14) and motion to amend or supplement (civil docket no. 16) shall be granted.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an

evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are procedurally barred and/or without merit, especially considering that it is clear that counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's motion under 28 U.S.C. § 2255 for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that: (1) some of the movant's claims are procedurally barred because nothing prevented the movant from presenting them to the court and on direct appeal and the Eighth Circuit Court of Appeals already addressed his claims and (2) counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Many of the movant's claims are procedurally barred. The movant is unable to assert claims that are based on his own oversights because he knowingly and voluntarily opted to proceed pro se during his

resentencing hearing, *see McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (discussing when claims are procedurally defaulted); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters which could have been raised on direct appeal), and the movant is unable to raise claims already addressed on direct appeal, *see Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("'It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981))).

In addition, with respect to the movant's trial, no violation of the movant's constitutional right to confrontation, *see United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011) (explaining when explanatory investigative testimony does and does not implicate the Confrontation Clause), or any other constitutional right occurred, especially considering the nature of the movant's defense, which he still maintains. As to the sentence that the movant received, the court concludes that it is appropriate. The court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)).

Further, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Nothing the movant states in support of his request for relief leads the court to conclude that a

4

violation of the Sixth Amendment or Fifth Amendment occurred. The movant's confused understanding of the law is not a proper basis upon which the court can grant relief.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are procedurally defaulted and without merit. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a

federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his amended 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his amended 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's motion to present additional evidence (civil docket no. 14) and motion to amend or supplement (civil docket no. 16) are granted.

2) The movant's amended 28 U.S.C. § 2255 motion is denied.

3) A certificate of appealability is denied.

**DATED** this 7th day of November, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA